IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PATENT GROUP, LLC | § | |
| Relator | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AMES TRUE TEMPER, INC. | § | |
| Defendant | § | JURY TRIAL DEMANDED |

## *QUI TAM* COMPLAINT FOR FALSE MARKING

Relator Patent Group, LLC ("Relator"), for its Complaint against Defendant Ames True

Temper, Inc. ("Defendant") alleges as follows:

### INTRODUCTION

This is a lawsuit brought under the private attorney general provisions of the patent laws

for recovery under Section 292, Title 35, for penalties payable to the United States for falsely

products as covered by United States Patents with the intent to deceive others.  Defendant has

advertised its leaf rake as patented under a patent that is not in force and does not cover the leaf

rake, with the intent to deceive others and deter them from competing or purchasing competitive

products.

A patent monopoly is a powerful exception to the principles of full and fair competition

that protect markets, consumers, and competitors upon which the United States economy is

based.  The patent laws are a complex regulatory scheme, that conflict with antitrust and other

laws, which must be balanced to protect the public. As with the antitrust laws, the United States

has created a private attorney general system for the detection and enforcement of abuses of parts

of the patent laws:  Here, Section 292 of the Patents Laws allows a litigant acting as a private

attorney general to sue in *qui tam* for False Marking of a product, with one half of the recovery

going to the United States. As a practical matter, the United States has little ability to otherwise police False Marking and must rely on private litigant enforcement.

For simple devices or products, often times patents on specific features are the primary or main bar to new competition. Here Defendant has engaged in a pattern and practice of advertising leaf rakes with an expired patent, in violation of Section 292 of Title 35. Defendant proudly boasts in advertising brochures and product packaging that its leaf rake products are "patented" and "unique," suggesting that the products so marked are not available from others and/or similar products are an infringement of its patents. Yet at least one patent marked on significant products are not in force and are falsely marked in violation of Title 35, Section 292.

## THE PARTIES

1.      Relator is a limited liability company organized and existing under the laws of the State of Texas.

2.      Defendant Ames True Temper, Inc. is a Delaware corporation who may be served through its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## NATURE OF THE ACTION

3.      This is an action for false marking arising under 35 U.S.C. § 292 of the patent laws of the United States.

4.      As set forth in detail at U.S. Patent No. 3,724,188 - Expired Patent, Defendant has violated 35 U.S.C. § 292 (a) by falsely marking and advertising, or causing or contributing to the false marking and advertising of products that list expired patent numbers or claim to be patented.

5.      Upon information and belief, Defendant could have no reasonable belief that the products identified in U.S. Patent No. 3,724,188 - Expired Patent were properly marked, and the false marking was done with the intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Relator's false marking claims under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of, inter alia, Defendant's persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through its sales in Tyler, Texas.

8.      This Court has personal jurisdiction over Defendant because, inter alia, Defendant has violated 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas.  Further, on information and belief, Defendant has sold falsely marked leaf rake in competition with sellers of competitive products in the Eastern District of Texas. Upon information and belief, such sales by Defendant are substantial, continuous and systematic.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## U.S. PATENT NO. 3,724,188 - EXPIRED PATENT

10.     For this Count, Relator repeats the allegations of Paragraphs 1-9,

11.     U.S. Patent No. 3,724,188 ("the '188 patent"), entitled "Leaf rake with improved molded head" issued on April 3, 1973.

12.     Defendant marks and advertises, and has marked and advertised, products with the '188 patent number, including, but not limited to, the Union Tools Shrub Rake, Item No. 64197, depicted at Exhibit "A."

13.     Defendant causes or contributes to the marking and advertising, of products with the '188 patent number, including, but not limited to, the products identified in paragraph '188.

14.     The '188 patent is an expired patent.

15.     Upon information and belief, the '188 patent expired on April 3, 1990.

16.     Defendant is a sophisticated company and has many decades of experience applying for, obtaining, maintaining and litigating patents in the United States and throughout the world.

16.     Upon information and belief, Defendant (including Defendant's patent counsel) received notice that the '188 patent would expire on April 3, 1990.

17.     Upon information and belief, Defendant (including Defendant's patent counsel) knew or should have known that the term of the '188 patent expired on April 3, 1990.

18.     Defendant is no longer paying maintenance fees to the United States Patent and Trademark Office to maintain the '188 patent.

19.     Upon information and belief, Defendant knew or should have known that the '188 patent had already expired at the same time Defendant was marking and advertising products with the '188 patent, including the products identified in Paragraph 12.

20.     Defendant knows, or at least reasonably should know, that the '188 patent does not cover the products identified in Paragraph 12, or any products whatsoever.

21.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant.

22.     Upon information and belief, each offense of false marking caused by Defendant has and continues to deter competition to the financial benefit of Defendant.

23.     Upon information and belief, Defendant could have no reasonable belief that it was proper to mark and advertise products with the expired '188 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition.

24.     Upon information and belief, public deception, and/or competitive harm caused by each of Defendant's false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

PRAYER FOR RELIEF

WHEREFORE, pursuant to 35 U.S.C. § 292, Relator respectfully requests:

A.     A judgment that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

B.     An accounting of the number, sales and revenue of any falsely marked articles not presented at trial;

C.     A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292(a)-(b) in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

D.     An Award of pre-judgment and post-judgment interest on any monetary award;

E.     An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292(a);

F.     An award of attorneys fees, costs, other expenses and an enhancement of damages and penalties; and

G.     All other just and equitable relief.

JURY DEMAND

Relator requests trial by jury on all appropriate issues.

Dated: April _15_, 2010

Respectfully submitted,

**KENT, GOOD, ANDERSON & BUSH, P.C.**
Woodgate I, Suite 200
1121 E.S.E. Loop 323
Tyler, Texas 75701
(903) 579-7500 (Office)
(903) 581-3701 (Fax)

By:_____

**KEN W. GOOD**
State Bar No. 08139200

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT "A"



